# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RUTHANN BERNICE WOLFE,**

        **Plaintiff,**

**-vs-**                                                                               **Case No.  6:11-cv-1316-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's denial of Plaintiff's application for social security disability benefits. For the reasons set forth herein, the decision of the Commissioner is **REVERSED and the matter is REMANDED** for further proceedings, consistent with this opinion.

## Procedural History

Plaintiff filed applications for a period of disability and disability insurance benefits, and for Supplemental Security Income, alleging she was disabled since February 11, 2008 (R. 11, 132-36). The claims were denied initially, and upon reconsideration (R. 77-79, 81-83, 87-88, 90-91), and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 27-71, 99). On December 8, 2010, the ALJ issued an unfavorable decision (R. 8-21). On June 9, 2011, the Appeals Council of the Social Security Administration denied Plaintiff's request for review (R. 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed the instant action (Doc. No. 1), and the parties consented to the jurisdiction of the undersigned United States Magistrate Judge. The issues have been fully briefed and the case is ripe for review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to "Cervical Spine Herniation, Spinal Trauma, Knee Injury, Shoulder Injury, Migraine Headaches, Cervical Spinal Fusion, Accident causing herniation of cervical spine which required fusion of the cervical spine" and related residuals (R. 148).

*Summary of Evidence Before the ALJ*

Plaintiff was thirty-six years old at the time of the ALJ's decision, with a GED and past relevant work experience as a vacation sales associate (telephone solicitor), cashier and a production assembler (R. 19, 31, 36, 132, 149).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ found that Plaintiff had the severe impairments of status post anterior cervical discectomy and arthrodesis; status post L5-S1 hemilaminectomy and microdiscectomy with residual axial pain; Migraine Headaches; and Depression (R. 13), and the record supports this uncontested finding. Next, the ALJ determined that the claimant did not have an impairment or combination of impairments that met or medically equalled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1(R. 15), and had the Residual Functional Capacity ("RFC") to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the ALJ determined that Plaintiff:

> can lift and carry 10 pounds occasionally and 5 pounds frequently. She requires a sit/stand option, alternating positions every 5 minutes. The claimant can occasionally climb, balance, stoop, and crouch, but she cannot kneel or crawl. She can work occasionally at heights and occasionally be exposed to hazards. The claimant may occasionally reach bilaterally. Additionally, she is limited to repetitive, simple, routine tasks.

(R. 17).

The ALJ then determined that Plaintiff was capable of performing her past relevant work as a telephone solicitor (R. 19). As an alternative, the ALJ relied on the testimony of the Vocational Expert to find that there are other jobs that exist in the national economy that the claimant can also perform (R. 20-21) and, therefore, she was not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises four issues for review, asserting that: 1) the ALJ improperly found Plaintiff was capable of performing her past relevant work as a telephone solicitor; 2) the ALJ failed to include all of Plaintiff's impairments in the hypothetical questions posed to the vocational expert; 3) the ALJ failed to state what weight, if any, he accorded to the opinions of the treating physician, Dr. Hawthorne, and the state agency consultant; and 4) the ALJ failed to appropriately evaluate Plaintiff's allegations of pain and limitations.

*The Five Step Evaluation*

The Court addresses the objections, to the extent necessary, in the context of the evaluation process utilized by the Commissioner. The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Applied here, Plaintiff contests the RFC finding and the determination that Plaintiff could return to her past work or perform any other work. As the ALJ determined that Plaintiff could return to her past relevant work at Step 4; and, alternatively, determined at Step 5 that other work existed

-4-

that Plaintiff could perform, the burden of persuasion is with Plaintiff up through the Step 4 finding, and then shifted to the Commissioner.

*The RFC finding*

Plaintiff contends that the RFC finding is not supported by substantial evidence and was not made in accordance with appropriate legal standards with respect to the evaluation of the medical opinions and Plaintiff's allegations of pain.

The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the

treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

Applied here, Plaintiff contends that the ALJ erred in "fail[ing] to even mention" the opinion of Dr. Hawthorne, one of Plaintiff's treating physicians, who opined that Plaintiff had "a permanent impairment of 10 percent of the whole body" (R. 216). Plaintiff also contends that the ALJ failed to state with particularity the weight he afforded the opinion of a non-examining state agency consultant, who opined that Plaintiff was moderately limited in her ability to maintain social functioning, concentration, persistence or pace; the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (R. 390-407).

In March 2008, Plaintiff presented to Kenneth B. Hawthorne, Jr., M.D., P.A., an orthopaedic surgeon, with left shoulder and lower back pain following her accident (R. 221). Dr. Hawthorne treated Plaintiff conservatively with medication and physical therapy (R. 219), and, in May 2008, Plaintiff underwent an MRI of the cervical spine which noted a posterior disc herniation at C5-6 (R. 217, 222-23). Plaintiff was referred to a neurosurgeon but told Dr. Hawthorne that she could not proceed with surgery because she could not afford it (R. 216). Dr. Hawthorne noted that Plaintiff had therefore "reached an endpoint" as "there is no[t] much more that can be done other than surgical intervention." *Id.* Dr. Hawthorne concluded that Plaintiff "does have a permanent impairment of 10 percent of the whole body and the patient will need surgery sometime in the near future." *Id.*

-6-

Rather than ignoring Dr. Hawthorne's treatment notes, as Plaintiff contends, the ALJ explicitly referred to those exhibits and set forth the course of treatment, in detail (R. 13-14). While the ALJ did not isolate the 10 percent whole body impairment rating for discussion, it is plain that he considered it. As the impairment rating does not establish disability in any event,[1] any perceived error is harmless.

As for the psychologist's opinion, the ALJ referenced the assessment in question, noting that "the State completed Mental Residual Functional Capacity Assessments and Psychiatric Review Technique (Exhibits 10F, 11F, and 16F)" (R. 19). Moreover, the ALJ discussed Plaintiff's mental limitations in detail, adopted the finding of moderate difficulties with regard to concentration, persistence or pace and in social functioning (R. 16-17), and incorporated into the RFC a restriction to repetitive, simple, routine tasks (R. 17). There is no evidence that this opinion was overlooked and it is evident that the ALJ gave it weight. Plaintiff's objections on this point are without merit.

*Credibility*

Pain is a non-exertional impairment. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard:"

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

---

[1] As the Commissioner correctly observes, this opinion refers specifically to Plaintiff's condition prior to the necessary surgery. Plaintiff did, in fact, undergo the surgery, with good results.

*Foote*, 67 F.3d at 1560, *quoting Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.

Applied here, the ALJ determined: "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. 18). The ALJ set forth several factors in support of this conclusion, noting that Plaintiff underwent surgery for her impairments, which "was generally successful in relieving her symptoms;" and that Plaintiff was non-compliant with doctor recommendations and in taking her medication (R. 18). Plaintiff objects to this assessment, pointing to other evidence the ALJ allegedly "failed to consider." The objection is not well taken. As set forth above, the findings of the ALJ must be supported by substantial, not unanimous, evidence. The treatment notes reflect that Plaintiff did, indeed, report great (albeit not complete) improvement following her surgeries. This does not end the inquiry with respect to the evaluation of Plaintiff's pain and her credibility, however, as the ALJ also noted the following:

> Regarding activities of daily living, the claimant has described daily activities which were fairly limited during the October 2010 hearing, three factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, the record reveals that the claimant reported going grocery shopping with her husband, preparing meals, and completing simple household chores (Exhibit 8F). Secondly, the allegedly limited daily activities cannot be objectively verified with

>any reasonable degree of certainty. Finally, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors discussed in this decision.

(R. 18).

Plaintiff contends that these conclusions do not reflect application of the correct legal standard. With respect to the first "factor" identified by the ALJ, while an ALJ can consider reports of vigorous daily activities as evidence that a claimant is capable of such activity, no vigorous activity is identified here. It is settled that "participation in everyday activities of short duration, such as housework" does not disqualify a claimant from disability. *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997). As for the second factor, there is no requirement that a claimant's daily activities (or lack thereof) be objectively verified.[2] The third factor cited by the ALJ – attributing Plaintiff's limitations to unspecified "other reasons"– is too vague to evaluate. While it is clear that the ALJ did not believe Plaintiff's allegations of pain and limitation, such a finding must be based on articulated reasons, with record support.

In sum, the ALJ's several reasons for finding that the claimant's subjective complaints and alleged limitations are not fully persuasive. Some of those reasons are adequately set forth and supported and fall within the proper legal standard, and some are not. As it is not possible to know what weight was given to the inappropriate factors relied upon by the ALJ, however, the matter must be remanded for reconsideration of this finding.[3]

---

[2]Indeed, this rationale, if acceptable, would likely preclude most applications for disability.

[3]In determining that the matter must be returned for reconsideration, the Court does not imply that the record cannot support a finding that claimant's allegations are not fully persuasive. Rather, the Court holds only that the credibility determination set forth here does not comport with appropriate legal standards and must therefore be reversed. On remand, it is for the ALJ to weigh and evaluate the evidence, and set forth his conclusions in such a way as to allow for review.

As this issue is dispositive, the Court need not address Plaintiff's objections to the findings at steps four and five of the sequential evaluation, other than to note that the Commissioner concedes error at step four. Upon remand, after reconsideration of Plaintiff's residual functional capacity, the ALJ is directed to undertake anew the remaining steps of the sequential evaluation, based on the reconsidered findings.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and was not made in accordance with proper legal standards. As such, the decision is **REVERSED and the matter is REMANDED** under sentence four of 42 U.S.C. § 405(g), with instructions to fully evaluate the Plaintiff's credibility and allegations of pain and limitations, in formulating the RFC and throughout the subsequent steps of the sequential evaluation; and to conduct any additional proceedings deemed appropriate. **The Clerk is directed to enter judgment accordingly, and close the file.**

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record